IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01277-NYW

JUAN A. CARRAZCO,

    Plaintiff,

v.

GARFIELD COUNTY SHERIFF DEPUTY MORRISON,

    Defendant.

## ORDER ON MOTION TO AMEND

Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint (the "Motion" or "Motion to Amend") [Doc. 39] filed on May 4, 2022 by Defendant Garfield County Sheriff Deputy Amber Morrison ("Defendant" or "Deputy Morrison"). The undersigned Magistrate Judge fully presides over this matter pursuant to 28 U.S.C. § 636(c), the Parties' Consent, [Doc. 10], and the Order of Reference for all purposes dated July 6, 2021. [Doc. 11]. For the reasons set forth below, the Motion to Amend is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

    On May 11, 2019, Plaintiff Juan A. Carrazco ("Plaintiff" or "Mr. Carrazco") was a pretrial detainee[1] housed at the Garfield County Jail. [Doc. 1 at ¶¶ 2, 8]. Deputy Morrison was an employee of Garfield County and had been assigned to work at the Jail. [*Id.* at ¶ 10]. While

---

[1] Plaintiff's Complaint states that Mr. Carrazco was an "inmate" at the Jail. *See* [Doc. 1 at ¶ 8]. However, the Parties agree that he was a pretrial detainee at the time of the incident giving rise to this action. *See* [Doc. 40 at 1; Doc. 48 at 2].

Mr. Carrazco was asleep in his cell, Defendant threw a deck of playing cards at him. [*Id.* at ¶ 12]. The deck of cards hit Mr. Carrazco's testicles, "causing injury." [*Id.*]. Specifically, Mr. Carrazco alleges that since his injury, he has "endured severe constant pain on a daily basis" and has experienced difficulties walking, a decreased ability to lift heavy objects, and alterations in how he walks, sits, and carries himself. [*Id.* at ¶ 13]. Treatment of Mr. Carrazco's injury has required surgery and rehabilitation. [*Id.* at ¶¶ 14-15].

Plaintiff initiated this civil action against Defendant on May 10, 2021, asserting four causes of action: (1) a generic claim under 42 U.S.C. § 1983; (2) an excessive force claim under the Fourth and Fourteenth Amendments;[2] (3) a state-law battery claim; and (4) a state-law negligence claim. *See* [*id.* at 3-5]. Defendant filed her Answer to the Complaint on July 12, 2021. [Doc. 12]. Thereafter, this court held a Scheduling Conference and entered a Scheduling Order. *See* [Doc. 15; Doc. 16]. Relevant here, the court set the deadline to join parties or amend pleadings for August 31, 2021. [Doc. 15 at 9]. The Parties have completed discovery, which closed on March 31, 2022, [Doc. 20], and have filed a number of motions related to expert testimony. *See* [Doc. 28; Doc. 30; Doc. 33; Doc. 44]. In addition, Defendant has filed a Motion for Summary Judgment, which is fully briefed. [Doc. 40].

On May 4, 2022, one day before the deadline for dispositive motions, *see* [Doc. 20], Defendant filed the instant Motion to Amend, seeking to amend her Answer to add a statute-of-limitations affirmative defense to Plaintiff's third and fourth claims. [Doc. 39 at 1]. In support, Defendant asserts that she raised the potential limitations bar to Plaintiff with respect to the battery claim on July 7, 2021, and in response, counsel for Plaintiff consented to dismiss that claim. [*Id.*

---

[2] This court does not pass on the appropriate constitutional basis for Plaintiff's excessive force claim at this juncture.

at ¶¶ 2-3]. Defendant states that "[i]n reliance on the representation of Plaintiff's counsel and by scrivener's error, Defendant did not assert the statute of limitations as an affirmative defense in her Answer to Plaintiff's Complaint; however, Defendant declined to respond to the allegations relevant to Plaintiff's battery claim in her Answer, citing in support Plaintiff's agreement to dismiss this claim." [*Id.* at ¶ 4]; *see also* [Doc. 14 at 6].

Plaintiff did not dismiss his battery claim. *See* [Doc. 39 at ¶ 7]; *see also* [Doc. 48 at 17 (Plaintiff arguing against summary judgment on his battery claim)]. In his Response to the Motion to Amend, Mr. Carrazco argues that Defendant was aware of the facts supporting a statute-of-limitations affirmative defense at the time this action was filed, and her failure to assert the defense in her Answer or to move to amend her Answer until nine months after the deadline to amend pleadings is not sufficient to establish good cause to amend the Scheduling Order under Rule 16(b). [Doc. 43 at 1]. For this reason, Mr. Carrazco maintains that the Motion to Amend should be denied. [*Id.* at 2]. Because the Motion is ripe for disposition, I consider the Parties' arguments below.

## LEGAL STANDARD

Defendant filed the Motion to Amend after the expiration of the deadline for amendment of pleadings as specified in this court's Scheduling Order. Therefore, this court considers the Motion pursuant to a two-step inquiry. First, the court reviews whether the moving party demonstrates good cause for amendment pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Next, the court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Gorsuch*, 771 F.3d at 1242; *cf. Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000)

3

(applying only Rule 15 when the deadline set for amendment in the Scheduling Order has not yet passed).

Rule 16(b) states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information through discovery, or when the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The party seeking an extension is normally expected to show at least good faith on its part and some reasonable basis for not meeting the deadline. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

By contrast, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

ANALYSIS

I.  Rule 16

*Diligence Generally.*  First, the court must determine if amendment of the Scheduling Order is appropriate under Rule 16(b).  *Gorsuch*, 771 F.3d at 1242.  Defendant argues that she acted with "[e]xtreme [d]iligence" in this case because she notified Plaintiff's counsel on July 7, 2021—before filing her Answer—that she believed that at least one of Plaintiff's claims was untimely under the applicable statute of limitations.  [Doc. 39 at 5].[3]  In addition, Defendant highlights that during discovery, including during Plaintiff's deposition on March 17, 2022, Defendant sought and obtained facts supporting the applicability of the statute-of-limitations defense, which Defendant too asserts demonstrates diligence.  [*Id.*].  Defendant states that the omission of the affirmative defense from her answer was "an obvious scrivener's error" and asserts that she should be able to rectify this error now.  [*Id.*].

The court respectfully disagrees with Defendant that she has established the diligence required to meet the good-cause standard under Rule 16(b).  This standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).  Here, Deputy Morrison admits that she knew of the facts giving rise to the statute-of-limitations defense prior to filing her Answer, and indeed, had suggested to Plaintiff that his battery claim was time-barred.  [Doc. 39 at ¶ 2].  In other words, she had ample opportunity to assert this affirmative defense in her Answer.  This weighs against a conclusion that Defendant acted

---

[3] Section 13-80-103 of the Colorado Revised Statutes provides that battery actions "shall be commenced within one year after the cause of action accrues, and not thereafter." Colo. Rev. Stat. § 13-80-103(1)(a).

diligently in moving to amend her Answer.  *See Laurienti v. Am. Alternative Ins. Corp.*, No. 19-cv-01725-DDD-KLM, 2019 WL 6837999, at *5 (D. Colo. Dec. 16, 2019), *report and recommendation adopted*, 2020 WL 9424686 (D. Colo. Jan. 6, 2020) (recommending denying a motion to amend answer where the defendant knew prior to filing its answer of the potential availability of an affirmative defense it later sought to include); *White v. Deere & Co.*, No. 13-cv-02173-PAB-NYW, 2015 WL 13215286, at *3 (D. Colo. Sept. 4, 2015), *report and recommendation adopted*, 2016 WL 336871 (D. Colo. Jan. 28, 2016) ("Because Ms. White had all the relevant facts at her disposal that would have permitted her to either name Elwood Power Equipment at the time of the Complaint, or to correct her Complaint to include Elwood Power Equipment before or shortly after the deadline set forth in the Scheduling Order, she has failed to state good cause as to why she was unable to meet the original deadline for amendment.").

Indeed, while Defendant's diligence argument is focused on her conduct during discovery, *see* [Doc. 39 at 5-6], the court's inquiry focuses upon whether Defendant was diligent in *seeking amendment*.  *See, e.g.*, *Bertels v. Farm Bureau Prop. & Cas. Ins. Co.*, No. 20-2298-JWB-ADM, 2021 WL 533827, at *4 (D. Kan. Feb. 12, 2021) ("Even when a party learns of new information through discovery, it must still act diligently in moving to amend.").[4]  And while Defendant

---

[4] The court is respectfully not persuaded by Defendant's reliance on *Perkins v. Federal Fruit & Produce Co.*, No. 11-cv-00542-REB-KLM, 2011 WL 3820751 (D. Colo. Aug. 29, 2011).  *See* [Doc. 47 at 2-3].  In *Perkins*, the court permitted amendment of the defendants' answer despite the defendants' concession that they knew of the information serving as the basis for the amendment prior to the deadline to amend pleadings, a decision which was based in part on the fact that the defendants "took action prior to the expiration of the pleading amendment deadline to obtain discovery . . . pertaining to the defense."  *Perkins*, 2011 WL 3820751, at *3.  *Perkins* is not particularly analogous to the instant matter.  In *Perkins*, the defendants filed their motion to amend only two months after discovering the basis for the defense and within one month of obtaining the discovery that supported their defense.  *See id.*  *Perkins* thus does not support Defendant's argument that her much-longer delay in seeking amendment constitutes diligence.

maintains that it was not until Plaintiff's deposition on March 17, 2022 that Plaintiff "confirm[ed] the applicability of the statute of limitations defense to Plaintiff's third and fourth claims for relief" because it was then that Plaintiff "admitted under oath [that] the incident involving Defendant occurred on May 11, 2019," [Doc. 39 at 5], Defendant does not explain why it was necessary to wait until she received sworn testimony from Plaintiff confirming the date of the incident to move to amend her Answer when the allegations in the operative Complaint reflect that same date. *See* [*id.*]; *see also* [Doc. 1 at ¶ 2 (Plaintiff alleging in his Complaint that the incident occurred on May 11, 2019)]; *cf. Flexfunds ETP, LLC v. MarkETP, LLC*, No. 16-24504-CV, 2017 WL 4882530, at *3 (S.D. Fla. Oct. 30, 2017) ("[T]he relevant inquiry is not whether there was definitive, bullet-proof support for any Motion to Amend, but whether Plaintiff acted with diligence.").

At bottom, Defendant does not explain why she waited until May 5, 2022—ten months after she took the position that Plaintiff's battery claim was time-barred and nine months after the deadline to amend pleadings—to seek leave to amend her Answer. *See generally* [Doc. 39]. Having waited several months to seek leave to amend and having provided no adequate basis for that delay, the court cannot conclude that Defendant acted diligently in pursuing her requested amendment. *White*, 2015 WL 13215286, at *3; *cf. Est. of Medina v. Samuels,* No. 20-cv-01443-NYW, 2022 WL 194480, at *6 (D. Colo. Jan. 21, 2022) (the movant did not act diligently when it waited five months after discovering new information to file a motion to amend).

Finally, insofar as Defendant states that the inadvertent failure to include the affirmative defense in the Answer was a mere scrivener's error and does not demonstrate a lack of diligence, [Doc. 39 at 5], the court cannot conclude that mistake or inadvertence meets the Rule 16(b) standard here. The court acknowledges that "inadvertence is near inevitable in the practice of law and in life generally." *Landon v. Winston Hosp., Inc.*, No. 20-cv-01547-MEH, 2021 WL 463624,

7

at *4 (D. Colo. Feb. 9, 2021). But good cause "is interpreted narrowly, and oversight, mistake of counsel, or ignorance of the rules is usually not considered good cause," *Forzani v. Peppy Prods.*, No. 18-cv-01715-RM-KLM, 2018 WL 5845051, at *4 (D. Colo. Nov. 8, 2018), and "the notion that inadvertence does not establish good cause [is] widely adopted." *Landon*, 2021 WL 463624, at *2. Here, the court cannot overlook the fact that Defendant did not seek leave to amend until at least ten months after she knew of the potential defense, filing her Motion to Amend over a month after the discovery deadline and the day before the dispositive motions deadline. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad.*, 194 F.R.D. at 687. Defendant's lengthy delay precludes a finding that Defendant acted with sufficient diligence to meet the good-cause standard under Rule 16(b). *See Landon*, 2021 WL 463624, at *3 (finding no good cause under Rule 16(b) where the proposed amendment would not substantively alter the case, but where the plaintiff was aware of the basis for amendment at least three months prior to moving to amend). On this basis, this court **DENIES** Defendant's Motion to Amend Answer as to the negligence claim. *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [the movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.").

**Battery Claim.** Despite this conclusion, the unique circumstances of this case require further analysis with respect to Defendant's request to amend her Answer to raise an affirmative defense to Plaintiff's battery claim. The court finds it significant that in response to Defendant's suggestion that the claim was barred by the statute of limitations, Plaintiff's counsel represented to defense counsel that he would "consent to dismiss the battery [claim]." [Doc. 39-1 at 1]. Defendant's reliance on this representation is apparent in Defendant's Answer, wherein she states that "Plaintiff has represented through counsel that he will" dismiss his battery claim, and asserts

that for this reason, "no response [to the battery allegations] is required from Defendant." [Doc. 14 at 6]. In addition, the Parties' proposed Scheduling Order makes no mention of the battery claim. [Doc. 12 at 2]. Plaintiff does not dispute that his counsel made this representation, nor does he assert that counsel later retracted his agreement to voluntarily dismiss the claim. *See* [Doc. 43 at 2]. Instead, Plaintiff merely states that "[n]o formal agreement was ever reached between the parties . . . and none of Plaintiff's claims were dismissed." [*Id.*].[5]

Courts across the country have considered a party's reasonable reliance on the representation of an opposing party or counsel in the Rule 16(b) good-cause analysis where the party's delay in seeking amendment could be attributed to that reliance. *See, e.g.*, *Hom, Tr. of Allen Ernest Hom Tr. Dated Aug. 19, 1992 v. RBB Bancorp*, No. 17-cv-1109 DMS (MDD), 2019 WL 4266556, at *2 (S.D. Cal. Feb. 5, 2019) (finding good cause where the plaintiff's delay in adding defendants to the case was based on an agreement with the named defendant, which plaintiff suggested the defendant then breached); *Mireles v. Paragon Sys., Inc.*, No. 13-cv-122-L (BGS), 2014 WL 575713, at *3 (S.D. Cal. Feb. 11, 2014) ("Based on Plaintiffs' representation that they were in the process of preparing an amendment to the [pleading] in October and communicating with Defendant to achieve a stipulation to the proposed amendment before the class certification deadline, the Court finds good cause exists to modify the scheduling order to allow Plaintiffs to seek leave to file a motion to amend the [pleading]."); *Gallegos v. Wood*, No. CIV 13-1055 JB/KBM, 2017 WL 3701866, at *38 (D.N.M. Aug. 25, 2017) (finding good cause

---

[5] Plaintiff does not explain why a representation made to opposing counsel by e-mail during the course of negotiation is not a "formal agreement." To the extent that Plaintiff uses the term "formal agreement" to mean a filed stipulation, as this court discusses more fully below, to effectuate the dismissal, <u>Plaintiff</u> had to file an amended complaint, and could have done so without any further action by Defendant. *Hawkinson v. Obrien*, No. 18-cv-03022-PAB-KMT, 2020 WL 3619557, at *3 (D. Colo. July 2, 2020).

to amend expert deadlines where the plaintiff relied upon the defendant's representation that it would not oppose an extension, but the defendant then switched its position); *cf. Fabio v. Credit Bureau of Hutchinson, Inc.*, 210 F.R.D. 688, 691 (D. Minn. 2002) (finding good cause where the plaintiff reasonably relied on a letter from a Magistrate Judge previously assigned to the case, concluding that the plaintiff's reliance was reasonable even though the letter had been sent in a different, unrelated litigation and the plaintiff "present[ed] no showing that the previous Magistrate Judge would hold the same view in this case").

The court finds these cases analogous and persuasive to the good-cause analysis with respect to the battery claim. Here, Defendant plainly relied upon Plaintiff's representation that he would voluntarily dismiss his battery claim in filing her Answer. *See* [Doc. 14 at 6]. To dismiss that claim, Plaintiff would have needed to file an amended pleading—not a stipulation of dismissal. *Hawkinson v. Obrien*, No. 18-cv-03022-PAB-KMT, 2020 WL 3619557, at *3 (D. Colo. July 2, 2020) ("Rule 41 is not an appropriate mechanism for dismissing fewer than all claims in an action. . . . Rather, the proper procedure is for a plaintiff to amend the complaint pursuant to Federal Rule of Civil Procedure 15."). In other words, the onus was on Plaintiff to effectuate the apparently agreed-upon dismissal, but Plaintiff took no action to do so. While Defendant would have been well-served to follow up with Plaintiff,[6] this was not a horse trade that ran contrary to a court order

---

[6] To be sure, the court does not take Defendant's several-months delay in moving to amend her Answer lightly. A Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril," *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000), and amendments to pleadings after the Scheduling Order deadline should be requested as soon as reasonably possible. *Fountain Valley Inv. Partners, LLC v. Cont'l W. Ins. Co.*, No. 14-cv-01906-MSK-NYW, 2015 WL 7770772, at *2 (D. Colo. Dec. 3, 2015). But the decision to modify the Scheduling Order "is committed to the sound discretion of the trial court," *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), and "[a]lthough the scheduling order defines the boundaries of litigation and assists parties in preparing for trial, the Tenth Circuit has encouraged district judges to remain flexible in allowing amended pleadings."

outside the court's view. *Cf. Alvariza v. Home Depot*, 240 F.R.D. 586, 589 (D. Colo.), *aff'd*, 241 F.R.D. 663 (D. Colo. 2007) (declining to enforce an agreement between the parties that ran contrary to court's order). Defendant should not be penalized for reasonably relying on opposing counsel's representation and Plaintiff should not now be permitted to benefit from his own lack of action. *Cf. Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2013 WL 6503604, at *14 (D.N.M. Nov. 20, 2013) ("The Court declines to punish the Plaintiffs for shaping their initial expert strategy around apparent misinformation . . . and wishing to change that strategy after they learned of their misapprehension.").

Based on the circumstances of this case, and in the interests of justice, the court finds that flexibility is warranted here, and concludes that good cause exists to amend the Scheduling Order under Rule 16(b) <u>only with respect to Defendant's request to add a statute-of-limitations affirmative defense to Plaintiff's battery claim</u>. Accordingly, the court turns to whether such amendment is warranted under Rule 15(a).

## II.     Rule 15

While Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), the court may deny leave to amend upon a showing of futility, bad faith, undue delay, or undue prejudice. *Frank*, 3 F.3d at 1365. As the non-moving party, Plaintiff bears the burden of demonstrating that amendment is unwarranted under Rule 15. *Moody's Inv. Servs.*, 175 F.3d at 859.

Mr. Carrazco argues that leave to amend should be denied because Defendant unduly

---

*ClearCapital.com, Inc. v. Computershare, Inc.*, No. 18-cv-00817-RBJ, 2019 WL 1573300, at *2 (D. Colo. Apr. 11, 2019) (citing *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)).

delayed filing her Motion to Amend. [Doc. 43 at 8-9]. He notes that Deputy Morrison was aware of the facts supporting a statute-of-limitations defense to the battery claim in July 2021 and asserts that the failure to seek amendment until May 2022 constitutes undue delay. [*Id.* at 9]. In addition, he argues that he will experience "undue prejudice" if Defendant is permitted to amend her Answer at this stage in the proceedings because the amendment will "prejudice Plaintiff's ability in prosecuting his battery . . . claim[] against Defendant." [*Id.* at 10].

*Undue Delay*. "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (citing Fed. R. Civ. P. 15(a)). But the longer the delay in seeking an amendment, "with its attendant burdens on the opponent and the court," the more likely it is that leave to amend will be denied. *Id.* (quoting 6 Wright, Miller & Kane, Federal Practice and Procedure § 1488 (2d ed. 1990)). "The important inquiry is not simply whether [the movant] has delayed, but whether such delay is undue." *Garcia v. Dillon Cos., Inc.*, No. 05-cv-02339-MSK-MEH, 2008 WL 4509821, at *4 (D. Colo. Oct. 1, 2008). Courts will deny leave to amend when the proposed amendment seeks to make the pleading a "moving target," where the movant attempts to "salvage a lost case by untimely suggestion of new theories of recovery," or where the movant knowingly delayed raising an issue until the "eve of trial." *Id.* (quotations and citations omitted). In addition, in assessing whether delay was "undue" under Rule 15(a), the Tenth Circuit "focuses primarily on the reasons for the delay." *Minter*, 451 F.3d at 1206.

As discussed above, for reasons particular to the specific circumstances of the battery claim, the court does not find undue delay. To be sure, while Defendant delayed seeking amendment by several months, "[t]he timeliness of [Defendant's] motion must be considered in the context of the particular circumstances of this case." *S.E.C. v. Nacchio*, No. 05-cv-00480-

MSK-CBS, 2008 WL 2756941, at *6 (D. Colo. July 14, 2008). Given the circumstances of this case, the court cannot conclude that Defendant's delay in seeking amendment "rises to such an offensive level as to prohibit its filing," *Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 645 (D. Kan. 2017), particularly where Defendant's delay is based, in part, on the representation of opposing counsel. [Doc. 39-1 at 1]; *see also Fiechtner v. Am. Fam. Mut. Ins. Co.*, No. 09-cv-02681-REB-MEH, 2010 WL 5185490, at *5 (D. Colo. Oct. 19, 2010), *report and recommendation adopted*, 2010 WL 5069877 (D. Colo. Dec. 7, 2010) (delay is not undue when the moving party provides "an adequate explanation" for the delay).

*Prejudice*.  In the alternative, Mr. Carrazco argues that he will be unduly prejudiced if Defendant is permitted to assert a new affirmative defense to the battery claim, as the proposed amendment will "prejudice [his] ability in prosecuting his battery [claim]." [Doc. 43 at 10]. The court is respectfully unpersuaded by this argument, given Mr. Carrazco's knowledge since July 2021 of Defendant's position as to the defense and Plaintiff's subsequent agreement to voluntarily dismiss the battery claim. *See Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) (finding no prejudice arising out of new statute-of-limitations defense where the plaintiffs "received adequate notice of the statute-of-limitations defense and had ample opportunity to respond" to the requested amendment); *cf. Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.").

Moreover, Mr. Carrazco does not explain *how* he will be prejudiced in prosecuting his claim; for example, he does not argue that the proposed amendment unearths new or previously unknown facts, will delay the resolution of this case, or will require that discovery be re-opened. *See generally* [Doc. 43]; *see also, e.g., Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 678 (D.

13

Kan. 1989) (finding prejudice where amendment would require re-opening discovery); *Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341, 2021 WL 6125826, at *3 (D. Utah Dec. 28, 2021) (finding no prejudice where the proposed affirmative defense was "purely legal in nature and [did] not require discovery"). Indeed, likely all of the facts he needs to address Defendant's affirmative defense of the statute of limitations lies within his custody and control.

"While any amendment invariably causes some practical prejudice, undue prejudice means that the amendment would work an <u>injustice</u> to the defendants." *Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1168 (D. Kan. 2018) (quotation omitted) (emphasis added). The mere fact that Plaintiff will be required to prove the timeliness of his battery claim does not constitute unfair prejudice. *Cf. Aguilar v. Mgmt. & Training Corp.*, No. CV 16-00050 WJ/GJF, 2017 WL 3278946, at *3 (D.N.M. Aug. 1, 2017) ("No unfair prejudice exists simply because a party has to defend against new or better pleaded claims."). Indeed, the underlying purpose of Rule 15 is to facilitate a decision on the merits, rather than on technicalities, *Titan Feeding, LLC v. Corey Cattle Co., LLC*, No. 19-cv-02541-PAB-SKC, 2020 WL 12752284, at *2 (D. Colo. Aug. 14, 2020), and permitting the requested amendment will do just that. Because Plaintiff has not established that he will be unduly prejudiced by the addition of the statute-of-limitations defense to his battery claim, the court concludes that this requested amendment should be permitted.

Accordingly, the Motion to Amend is **GRANTED in part** to the extent Defendant seeks to assert a statute-of-limitations affirmative defense to Plaintiff's battery claim. Defendant **SHALL FILE** an Amended Answer, <u>including only the amendment permitted by this Order</u>, on or before **July 12, 2022**. The Amended Answer **SHALL COMPLY** with the requirements of Local Rule 15.1.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)　Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint [Doc. 39] is **GRANTED in part** and **DENIED in part** as set forth in this Order; and

(2)　On or before **July 12, 2022**, Defendant **SHALL FILE** an Amended Answer that includes only the amendment permitted by this Order.

DATED:  July 11, 2022　　　　　　　　　　BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge